IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BILLY G. ASEMANI,** | * | |
| Petitioner | * | |
| v. | * | Civ. No. DLB-24-1480 |
| **U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.,* | * | |
| | * | |
| Respondent | | |

**MEMORANDUM ORDER**

Billy G. Asemani is currently incarcerated at Roxbury Correctional Institution in Hagerstown, Maryland. ECF 1. On June 3, 2024, he filed an "Emergency Petition – Matter of Life and Death," which was construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. He asks this Court to "issue a stay of the [immigration court's] removal order against Asemani" and to "issue any other directive/order as it deems appropriate." *Id.* at 10. He also filed a motion to proceed in forma pauperis, ECF 2, which is granted.

Asemani is careful to note that he does not intend for this filing to be construed as a habeas corpus petition, "nor is it a petition for review of the removal order against Asemani." ECF 1, at 2. Regardless of how the filing is construed or presented, the Court lacks the ability to order the relief Asemani is seeking. The "sole and exclusive means" of judicial review of an order of removal is through the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Accordingly, this Court lacks jurisdiction to grant the relief Asemani seeks.

Asemani has requested this relief from this Court previously. *See Asemani v. U.S. Dep't of Homeland Security,* Civ. No. DLB-23-3275. There, the Court found that "[a]lthough Asemani argues that this Court has jurisdiction to stay his removal even if it lacks jurisdiction to review the

removal order, he has not identified the basis for this Court's jurisdiction." *Id.* at 1. Asemani has ostensibly tried but failed to cure this defect in the complaint in this case. Asemani cites a series of cases for the proposition that § 1252 does not present a jurisdictional bar to claims when the relief sought is separate from, or collateral to, the order of removal. ECF 1, at 6. Here, however, the relief Asemani seeks is precisely and directly related to his order of removal. Thus, these cases do not support Asemani's insistence that this Court has jurisdiction to hear his claims.

Asemani also argues this Court has jurisdiction to hear his claims pursuant to its authority to issue a "writ of prohibition." *Id.* at 7. A writ of prohibition "prevent[s] a court of peculiar, limited, or inferior jurisdiction from assuming jurisdiction of a matter beyond its legal cognizance." *Smith v. Whitney*, 116 U.S. 167, 176 (1886); *see* 77 A.L.R. 245 ("The purpose of the writ is to prevent an encroachment, excess, usurpation, or improper assumption of jurisdiction on the part of an inferior court or tribunal, or to prevent some great outrage upon the settled principles of law or procedure."). As Asemani noted, "a writ of prohibition is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion." *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983). "[W]rits of prohibition, like writs of mandamus, are not to be used as a substitute for appeal." *Id.* Whether to issue a writ is "within [the court's] sound discretion, and is usually denied where other adequate remedy is available." *In re State of Mo.*, 664 F.2d 178, 180 (8th Cir. 1981) ("It is only in the exceptional case that the appellate court will exercise its discretion to issue such writs . . . .").

The authority to issue writs of prohibition is not a basis for jurisdiction, however. "The authority of federal courts to issue extraordinary writs derives from the 'all writs statute,' 28 U.S.C. § 1651," and "exists for the sole purpose of protecting the respective jurisdictions of those courts."

*Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Federal courts "have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus." *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 272 (1910)). Rather, "[t]heir authority . . . is limited to the issuance of writs of mandamus in aid of their appellate jurisdiction and in such cases as are already pending and wherein jurisdiction has been obtained on other grounds and by other process." *Id.* (quoting *McClellan*, 217 U.S. at 272). Because this Court does not have appellate jurisdiction over the immigration court's removal order, 8 U.S.C. § 1252(a)(5), and there is no other basis for the Court's jurisdiction, the Court does not have the authority to issue a writ of prohibition. *See Gurley*, 411 F.2d at 587.

The Court lacks jurisdiction to hear Asemani's claims and to provide the relief sought. Accordingly, the petition cannot proceed, and Asemani may file his claims in the United States Court of Appeals for the Fourth Circuit.

It is this 22nd day of August, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis (ECF 2) is GRANTED;
2. The Petition is DISMISSED without prejudice for lack of jurisdiction;
3. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Asemani; and
4. The Clerk SHALL CLOSE this case.

                                                      Deborah L. Boardman
                                                      United States District Judge